

Villanova University School of Law
Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2008

# In Re: Marvin John

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3502

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Marvin John " (2008). *2008 Decisions.* Paper 355.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/355

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-157                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3502
_____

IN RE: MARVIN J. COBB,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 07-cv-00085)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 30, 2008
Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed:  October 16, 2008)
_____

OPINION
_____

PER CURIAM.

        Marvin Cobb, a former federal prisoner proceeding pro se, seeks a writ of

mandamus in connection with a civil rights action that he filed in the United States

District Court for the Western District of Pennsylvania.  We will deny the mandamus

petition.

1

In April 2007, Cobb filed a motion to proceed in forma pauperis in District Court and submitted a complaint alleging discrimination at his prison job based on his disabilities. Cobb claimed violations of the Americans with Disabilities Act and other federal statutes. In December 2007, a Magistrate Judge granted the motion to proceed in forma pauperis and ordered that Cobb's complaint be filed. The Magistrate Judge also terminated two motions for summary judgment that Cobb had filed, noting that neither was a proper summary judgment motion.[1] In June 2008, the Magistrate Judge ordered the United States Marshall to serve Cobb's complaint on the defendants.

In his mandamus petition, Cobb complains that the District Court has not compelled the defendants to answer his complaint. He asks us to grant a default judgment in his favor.

The writ of mandamus has traditionally been used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (citations omitted). The writ is a drastic remedy that is seldom issued and its use is discouraged. Id. A petitioner must show that he has no other means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

---

[1] In the first motion, filed in June 2007, Cobb sought a default judgment because the defendants had not answered his complaint. In the second motion, filed in August 2007, Cobb sought a temporary release from prison for medical treatment. The latter motion appears to be related to another action Cobb had filed alleging deliberate indifference to his medical needs.

Applying these standards, Cobb is not entitled to relief. Cobb has not sought any relief in the District Court since the Magistrate Judge ordered the United States Marshal to serve his complaint. Cobb may move the District Court for a default judgment based on the defendants' failure to answer his complaint.[2] To the extent the complaint was not served, Cobb may move the District Court to enforce its order directing service of the complaint. Because Cobb has other means to attain the desired relief, mandamus relief is not warranted.

Accordingly, we will deny the petition for a writ of mandamus.

---

[2] Cobb's previous motion for a default judgment was premature because his complaint had yet to be filed.